IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                              CR NO.  1:17-cr-01545-JB

FRANCISCO GALLEGOS-AVENA

     Defendants,

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO VACATE AND RESET TRIAL AND EXTEND THE TIME FOR THE FILING OF PRE-TRIAL MOTIONS

THIS MATTER, having come before the court upon motion of the Defendant, by and through counsel Keith Romero, pursuant to Rules 12 (c) and 45 (b) of the Federal Rules of Criminal Procedure, finds that the motion is well taken and good case has been shown. THEREFORE, the Court finds and hereby orders as follows :


1. Trial of this matter is presently set for July 2, 2018 at 9:00 a.m.

2. Previous counsel in this matter requested a Form 13 pre-plea presentence report which was disclosed on November 14, 2018.

3. Defendant has relied heavily on this document and its analysis along with advice of counsel in plea negotiation.

4. Since that time, the government has disclosed additional discovery in the form of laboratory reports that support a charge for distribution of drugs other than what is charged in the indictment.

5. Additionally, the defendant has been advised that the government is going to seek a sentencing enhancement pursuant to 21 U.S.C. § 851 on all applicable charges.

6. Defendant has requested of U.S. Probation to amend/modify the From 13 Report to reflect analysis and calculation of Defendant's offense level based upon and consistent with the evidence in this case.

7. Moreover, defendant requests U.S. Probation's include in their report an analysis in the application of 21 U.S.C. § 851 in his case and at sentencing if convicted.

8. This case also involves the search of the defendant's property pursuant to a police citizen encounter while defendant was traveling through New Mexico by bus.

9. If plea negotiations break down reach an impasse, defendant anticipates filing a Motion to Suppress for violation of defendant's Fourth Amendment rights under the U.S. Constitution,

10. The same discovery disclosure by the government may also necessitate the filing of a superseding indictment by the government if this smatter proceeds to trial.

11. Defendant is also a native monolingual Spanish speaker, unfamiliar with the Federal Court system in a foreign country. Defendant and his counsel have been discussing on going plea negotiations and the impact of the Unites States Sentencing Guidelines, applicable law and applicable legal theories in the case. As such, plea negotiations have been tedious, but advancing toward a resolution.

12. Defendant is being housed at the Cibola County Correction Center in Milan, New Mexico, which is a three-hour round trip to and from Albuquerque, New Mexico where undersigned counsel maintains his office. This does not account for time that

defendant counsel spends discussing the case with defendant. The combined weight of counsel's caseload along with his other scheduling obligations make it difficult for counsel to adequately schedule meetings with his client to investigate and prepare for a trial by the July 2, 2018 trial date.

13. The stakes are high for defendant as he is charged with 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and 841(b)(1)(B), exposing him to a statutory minimum mandatory time of at least ten (10) years if convicted at trial and possible enhancement under 21 U.S.C § 851. Accordingly, he should be afforded more time to evaluate his case and engage in plea negotiations with the government, and if necessary mount a vigorous defense.

14. Defendant requests additional time to allow U.S probation additional time to modify the Form 13 report to comport with the evidence in the case and how his eligibility for sentencing enhancements under 21 U.S.C. § 851 impacts his exposure at sentencing upon conviction after trial. Additionally, defendant requests additional time to continue to engage in plea negotiations given the disclosure of the new discovery regarding the alleged drugs in this case. Counsel requests additional time to research draft and file a motion to suppress, if necessary, should plea negotiations reach an impasse. Counsel for the government will also require time to respond, and defendant time to reply to said response.

15. Finally, defendant has been advised that case agent in this matter and primary witness for the government, Special Agent J. Perry, will be unavailable for preparation for and participation in trial prior to the current trial date and during the week of July 12 through the 19th 2018.

16. Therefore, for the above stated reasons, counsel for defendant is will not and cannot be prepared to go forward to trial on July 2, 2018 and requests a continuance and extension of time in which to file -pre-trial motions

17. Therefore, counsel requests that the current trial setting be continued for sixty (60) days no sooner that the Court's September 2018 calendar.

18. The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy case loads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. "The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).
>
> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance ... is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). Denial of adequate time to prepare the case, including the time to fully assess the information provided by the

government and by the defense's own investigation to permit the defendant an opportunity to make a fully informed decision about whether to enter a plea agreement or take the case to trial, and requiring trial before settlement discussions can be completed, would constitute a denial of the defendant's rights to due process and effective assistance of counsel.

19. The Defense has an obligation to attempt interview of all Government witnesses and really cannot accomplish this task, so essential in rendering effective assistance, until the Government has designated its witnesses and certainly justifies concern that counsel cannot render effective assistance. Amds. IV, V, VI, XIV, of U.S. Constn., and *Strickland v. Washington*, 466 U.S. 688 (1984).

20. Defense counsel has an ethical obligation to attempt to resolve this matter by negotiating a non-trial plea resolution, and that obligation cannot, on the remaining evidence and ongoing developments, be resolved prior to November 7, 2017. *Missouri v. Frye*, No. 10-444 (3/22/12 S. Court). *Lafler v. Cooper*, No. 10-209 (3/22/12 S. Court). Fed. R. Crim. P. 11(c), 10 USC §3161(h)(1)(G), Fed R. Evd. 410.

21. Given the continued possibility of a negotiated settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013 (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by

avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford*, 394 F.App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

22. If the matter is resolved prior to trial, significant judicial resources will be saved; moreover, forcing the Defendant's to go forward to trial without having had the opportunity to adequately consider the impact of an adequate investigation in the case will likely result in a miscarriage of justice. Conducting a trial in the face of these facts would be contrary to the interests of justice. *Zedner v. United States* 126 S. Ct. 1976 (2006).

23. It is not the intent of the parties to garner more flexible treatment, but to request additional time for specific and legitimate reasons as stated above and thus in compliance with United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009).

24. In compliance with the provisions of 18 U.S.C. § 3161(h)(7)(A), the undersigned affirmatively states that the ends of justice will be served by granting this continuance. Further, the undersigned represents that the necessity for complete and adequate preparation of the facts and circumstances relating to pretrial matters in this case outweighs the interest of the public and the defendant in speedy trial. Specifically, the undersigned represents that the additional time requested is necessary to permit counsel for both parties to research and initiate briefing on motions in limine; to permit the Court to conduct an evidentiary hearing on any

motions that are filed; and to permit the Court to rule on any motions and to issue needed orders regarding the motions.

25. It serves the ends of justice, materially prejudices no party, protects the public's interest in a speedy and public trial, and serves judicial economy for this matter to be vacated from the present trial calendar. 18 USC § 3161(h)(8)(A). The parties agree that any delay in time cause by this request shall not count against the United States.

26. Based upon the foregoing reasons, the interests of the public and a speedy trial are outweighed by these significant matters, and trial of this matter should be vacated and reset. *United States v. Toombs*, 574 F3d 1262 (10th Cir 2009), *United States v. Mejia-Hernandez*, ___ F.3d ___, 2011 WL 44497 (10th Cir. 2011).

27. Counsel for the government, A.U.S.A. Rumaldo Armijo has been consulted regarding this motion and he does not object to this request.

THEREFORE, it is hereby ordered that the current trial setting is vacated and continued for a period of at least sixty (60) days, placing it no sooner than the Court's September 2018 trial docket and the deadline for pre-trial motions is extended accordingly to ___August 20, 2018 .

_James O. Browning_
James O. Browning
U.S. District Court Judge

Submitted by:

/s/ *Keith R. Romero*
Attorney for Defendant

*Unopposed by AUSA R. Armijo*
Attorney for United States

*After weighing the best interests of the public and of the Deft with the ends of justice, the Court concludes that granting the continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Deft and the reasons stated in the motion requesting a continuance filed June 28, 2018 (Doc. 44). Specifically, the need to Deft's need to exhaust plea negotiations outweighs the Deft's and the public's interest in a speedy trial. See 18 U.S.C. § 3161(h)(7). The Ct will set the trial for a 9/4 ___, 2018. The 60-day continuance is sufficient, and not longer than necessary, for the Deft to complete the goals set forth in his motion to continue. JOB 6/29/18*